UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| RODGER WILLIAMS, ) <br> a/k/a Willow Williams, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> LT. WRIGHT, et al., ) <br> ) <br> Defendants. ) | Civil No. 2: 19-040-WOB <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Rodger Williams (aka, "Willow Williams") is an inmate confined at the Campbell County Detention Center ("CCDC") in Newport, Kentucky.[1] Proceeding without counsel, Williams has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 3] Williams has also filed a motion to proceed in forma pauperis. [R. 9]

The Court has reviewed the fee motion [R. 9] and the financial information submitted by Williams [R. 13] will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Williams has been granted pauper status in this proceeding, the separate $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14. In addition, because the Court has granted Williams' motion for leave to proceed *in forma pauperis*, her motion to direct/order defendant's agents to complete certificate of plaintiff's inmate account [R. 8]; motion to compel defendant James Daley's agent to complete/furnish court with certificate of plaintiff's inmate account [R. 10]; and her motion for extension of time for *in forma pauperis* deadline [R. 11] will be denied as moot.

---

[1] Williams indicates that she is transgender and identifies as female. [R. 3] Thus, the Court will utilize feminine pronouns.

-1-

Turning to the substance of Williams' complaint, the Court must conduct a preliminary review of Williams' complaint because she has been granted permission to pay the filing fee in installments and because she asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of the complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In her complaint, Williams alleges that the medical department at the CCDC (which Williams indicates is run by Southern Health Partners ("SHP")), has provided Williams with inadequate health care for the entire duration of Williams' incarceration. According to Williams, she has not been provided with any mental health treatment; she has never been to see a psychiatrist; she has been denied medications (specifically Premarin, a conjugated estrogen for hormone therapy, and Sinequan/doxepin, a medication used to treat depression and anxiety); she has had a dental infection that has been untreated; and she has had numerous anxiety and panic attacks. [R. 3 at p. 2] She also alleges that she has been "retaliated and discriminated against" by defendants Lt. Wright and Jailer James Daley. [*Id.*] She also claims that Daley has ignored her requests for grievances, and specifically refers to two grievances filed in September 2017, which were previously attached as exhibits to a complaint that Williams previously filed against Daley and other officials in this Court. [*Id.* (referring to Exhibits 2 and 3 (misidentified by Williams in this case as Exhibits 1 and 2) attached to Williams' complaint in *Williams v. Daley, et al.*, No.

2:17-cv-193-DLB-EBA (E.D. Ky.) at R. 3][2] Williams further alleges that she "has not recovered fully from the psychical (*sic*) injury of her misshapen breasts that resulted in a physical sometimes painful deformity due to SHP Inc. and Jailer Daley's deliberate refusal to provide the plaintiff with her [prescription Premarin] (9/6/17, 3/27/19, 3/30/19, 11/5/17)." [R. 3 at p. 2-3] She also alleges that, on March 30, 2019, she asked a Nurse to stay in a medical cell for observation and was denied. [*Id.*]

Williams also alleges that, on March 27, 2019, Lt. Wright "abused her authority" by denying Williams the ability to call her attorney for three days "for an infraction my cell mate committed while [Williams] slept." [R. 3 at p. 2] According to Williams, Lt. Wright also addressed Williams "with slurs and obscene expletives whilst handling [Williams] a grievance." [*Id.*] Although she also alleges that she was refused grievances [*id.* at p. 3], she alleges that the grievance regarding Lt. Wright has been ignored. [*Id.*] Williams acknowledges that some of the facts giving rise to her current complaint (namely, her claims regarding the denial of her prescription Premarin) were also the subject of her prior litigation, which she voluntarily dismissed in 2018. [*Id.* at p. 4]

Based on these allegations, Williams alleges that defendants Lt. Wright, Jennifer Hairsine (identified by Williams as the President of SHP), and Jailer James Daley have caused "cruel and unusual punishments on [Williams] due to their egregious and depraved indifference violating the Equal Protection Clause/Act, Americas with Disabilities Act, [and] the fourth, 14th and 6th Amendments of the Constitution." [*Id.* at p. 3] She seeks compensatory and punitive damages, as well as mandatory sensitivity treatment for all personnel and the termination of Lt. Wright. [*Id.*]

---

[2] Williams filed a motion to voluntarily dismiss this case during the discovery phase, which the Court granted on November 15, 2018. *Williams v. Daley, et al.*, No. 2:17-cv-193-DLB-EBA (E.D. Ky.) at R. 73, 74.

Even construing Williams' allegations broadly, her complaint must be dismissed for multiple reasons. First, Williams fails to state a claim for a violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). Although Williams fails to specify her alleged disability upon which her claim is based, presumably she is inferring that she is disabled because she is transgendered. However, transsexualism and/or gender identity disorders not related to a physical impairments are not "disabilities" under the ADA. *See* 42 U.S.C. § 12211(b), 42 U.S.C. § 12102. *See also Johnson v. Fresh Mark, Inc.*, 337 F. Supp. 2d 996, 1001 (N.D. Ohio 2003), *aff'd*, 98 F. App'x 461 (6th Cir. 2004).

In addition, although Williams makes a reference to the Fourth Amendment of the United States Constitution [R. 3 at p. 3], she fails to allege *any* facts that would suggest a Fourth Amendment claim. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F.3d at 470. Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) ("Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format."). In sum, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because the Court cannot create arguments or claims that the plaintiff has not made, *Coleman*, 79

F. App'x at 157, Williams' failure to state any facts to support a Fourth Amendment claim warrant dismissal of this claim.

With respect to Williams' claim that her right to counsel guaranteed by the Sixth Amendment has been violated, although it is not entirely clear from her complaint, presumably, this refers to her allegation that Lt. Wright denied Williams the ability to call her attorney for three days "for an infraction my cell mate committed while [Williams] slept." [R. 3 at p. 2] The Sixth Amendment to the Constitution affords a defendant facing criminal charges the right to counsel. *Powell v. Alabama*, 287 U.S. 45, 71 (1932). By its terms, the Sixth Amendment applies "[i]n all criminal prosecutions." U.S. Const. amend. VI. Indeed, the Sixth Circuit Court of Appeals has recognized that "[i]t is 'firmly established' that a person's Sixth Amendment right to counsel 'attaches only at or after the time that adversary judicial proceedings have been initiated against him,'" *Turner v. United States*, 885 F.3d 949, 953 (6th Cir. 2018) (quoting *United States v. Gouveia*, 467 U.S. 180, 187 (1984)) and is "offense specific." *Id.* at 954. However, Williams does not allege any facts suggesting that her right to counsel in a pending criminal case against her has been impeded. Rather, Williams plainly indicates that she has been convicted of the crime for which she is serving her sentence. [R. 3 at p. 1]

Moreover, although Williams seeks monetary relief for this claim, she does not allege that she has sustained any physical injuries as a result of the alleged violation of her Sixth Amendment rights. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act ." 42 U.S.C.A. § 1997e(e). *See also Minneci v. Pollard*, 565 U.S. 118, 129, 132 S. Ct. 617, 625, 181 L. Ed. 2d 606 (2012) ("Prisoners bringing federal

lawsuits...ordinarily may not seek damages for mental or emotional injury unconnected with physical injury.") (citing 42 U.S.C. § 1997e(e)).

For its part, the First Amendment affords any incarcerated person, whether a detainee awaiting trial or one convicted of a criminal offense, the right to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). The constitutional right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). By its terms, the right of access to the courts extends only to an inmate's direct criminal appeal, habeas corpus applications, and civil rights claims related to the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). *See also Lewis v. Randle*, 66 F. App'x 560, 561–62 (6th Cir. 2003).

Even if the Court construed Williams' complaint *very* broadly to suggest a denial of access to the courts claim, to state a claim for denial of access to the courts, a plaintiff must show actual injury to a nonfrivolous legal claim. *Lewis*, 518 U.S. at 353-55 (1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). *See also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("Plaintiffs must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim."). Here, Williams fails to identify or refer to any particular case, whether already pending or anticipated to be filed, or to describe any particular legal claim that he was hindered or prevented from asserting because of Lt. Wright's alleged conduct, thus she has failed to adequately allege an access-to-courts claim. *Brown v. Matauszak*, 415 F. App'x 608, 612

(6th Cir. 2011) (adequate pleading of access-to-courts claim requires allegation of actual injury to specific claim, allegation of the facts and the law in the underlying claim, and demonstration that underlying claim was non-frivolous) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)); *Clark v. Johnston*, 413 F. App'x 804, 812 (6th Cir. 2011).

Moreover, to the extent that Williams alleges that Lt. Wright used "slurs and obscene expletives whilst handing the plaintiff a grievance," [R. 3 at p. 2], "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Just as the Constitution 'does not mandate comfortable prisons,' it does not mandate polite prison guards or officials or fellow inmates. Derogatory or abusive language and conduct do not give rise to a claim under § 1983." *Ishaaq v. Compton*, 900 F. Supp. 935, 944 (W.D. Tenn. 1995) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991))(other citations omitted). *See also Ivey*, 832 F.2d at 954 ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

In addition, Williams confusingly alleges both that she was denied access to the grievance process [R. 3 at p. 3] and that her grievances were "ignored and gone unanswered." [*Id.*] However, to the extent that she claims that she was "refused" grievances, "there is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005)(citations omitted). To the extent that her claims are based on her allegations that her grievances were ignored and/or that the responses to her grievances were otherwise inadequate, prison officials are not liable under § 1983 for denying or failing to act on grievances. *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008).

Either way, Williams allegations regarding her access to the prison grievance process and/or the adequacy of the responses to her grievances fail to state a claim for which relief may be granted.

Turning to Williams' claims that she has been denied medical care, although Williams refers to the "Equal Protections Clause/Act" and the Fourteenth Amendment of the United States Constitution, the Supreme Court has expressly held that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the broad rubric of substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."). Because the Eighth Amendment is the proper vehicle to assert challenges to Williams' medical care, her claim under the Fourteenth Amendment fails as a matter of law and must be dismissed. *See Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3rd Cir. 2007) (viability of claim under Eighth Amendment to challenge medical care of prisoner forecloses availability of substantive due process claim); *Bell v. Johnson*, 308 F.3d 594, 609-10 (6th Cir. 2002) (prisoner's claim that officials retaliated against him for filing grievances was squarely covered by First Amendment, precluding due process claim under Fourteenth Amendment).

Although she does not specifically reference the Eighth Amendment, she does allege that defendants have caused "cruel and unusual punishment." [R. 3 at p. 3] Even construing this reference broadly to indicate an intent to allege an Eighth Amendment claim, her allegations (as currently pled) still fail. Although the body of Williams' complaint does not specify whether she seeks to pursue her claims against the defendants in their individual or official capacity, she

submits proposed summons for each defendant on which she specifically indicates that each defendant is to be served only in their official capacity. [R. 3-1] However, an "official capacity" claim against a state officer is not a claim against the officer arising out of his conduct as an employee of the state but is actually a claim directly against the state agency which employs him. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, to the extent that Williams seeks to bring claims against Daley and/or Lt. Wright in their "official" capacities, such claims are construed as civil rights claims against the municipality, Campbell County.

However, while Williams claims that the actions of the jail staff was wrongful, she does not assert that these actions were taken pursuant to an established policy of Campbell County. Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which she alleges caused her injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Williams points to no such policy in her complaint, and these claims are therefore subject to dismissal for failure to state a claim. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official

decisionmaking channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Moreover, to the extent that Williams seeks to hold Jailer Daley responsible in his capacity as a supervisor, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, for a supervisor to be held liable under § 1983, he or she must have personal involvement in the alleged unconstitutional conduct in order to be held liable for the conduct about which the plaintiff complains. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that a defendant acted in a supervisory capacity is not enough: *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).

Similarly, with respect to Williams' official capacity claims against Jennifer Hairsine, identified as the President of SHP, these claims are construed as claims against SHP, and are also inadequately pled. A private corporation that performs a public function, such as contracting with the state to run its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). The same principle applies to a private company that contracts to provide medical care to prisoners, like SHP *See, e.g.*, *Thomas v. Coble*, 55 Fed. App'x. 748 (6th Cir. 2003). Nevertheless, "respondeat superior alone cannot create liability under § 1983." *Id.* at 748-49. Rather, for a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id.* at 749. "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees,

a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)(citations omitted).

Williams has not alleged or identified a policy or custom of SHP that has resulted in the alleged violation of a constitutional right, but rather seeks to hold the company liable for the actions of its employees. Indeed, Williams makes no allegations against Hairsine in her complaint, but instead clearly seeks to hold her responsible as President of Southern Health Partners. However, having failed to allege that Hairsine was "personally involved in the alleged deprivation of federal rights," Williams' claims against Hairsine must be dismissed for failure to state a claim. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

Although *pro se* pleadings are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman*, 79 F. App'x at 157 ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged."). Here, Williams affirmatively indicates that she seeks to bring her claims against the defendants in their respective official capacities, yet she fails to identify any policy or custom of either Campbell County or SHP, that allegedly caused her injury. Thus, she has failed to state a claim for which relief may be granted against any of the defendants in their official capacities and her complaint will be dismissed.

For all of these reasons, Williams' complaint will be dismissed.

Accordingly, **IT IS ORDERED** that:

1. Williams' motion to proceed *in forma pauperis* [R. 9] is **GRANTED**.

2. The financial documentation filed by Williams indicates that she lacks sufficient income or assets to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)(A), and payment of such fee is therefore **DEFERRED**.

3. The Clerk of the Court shall open an account in Williams' name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Williams' name, (b) her inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Williams is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky.

4. Each month Williams' custodian shall send the Clerk of the Court a payment in an amount equal to 20% of her income for the preceding month out of her inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid.

5. Williams' motion to direct/order defendant's agents to complete certificate of plaintiff's inmate account [R. 8]; motion to compel defendant James Daley's agent to complete/furnish court with certificate of plaintiff's inmate account [R. 10]; and her motion for extension of time for *in forma pauperis* deadline [R. 11] are **DENIED AS MOOT**.

6. Williams's complaint asserting claims against defendants in their official capacities [R. 3] is **DISMISSED WITH PREJUDICE**.

7. All pending requests for relief, including Williams' motion for a temporary restraining order [R. 5]; motion to compel [R. 14]; motion for discovery [R. 15]; motion to compel appearance [R. 16]; motion for attorney/client phone call [R. 17]; and motion to compel [R. 18] are **DENIED AS MOOT**.

8. **JUDGMENT** shall be entered contemporaneously with this Order.

9. This action is **STRICKEN** from the Court's docket.

This 23rd day of May, 2019.

Signed By:
*William O. Bertelsman* WOB
United States District Judge